All right, first case is National Credit Union v. Nomura Home Equity. Counsel? Thank you, Judge Reinhardt, and may it please the court, I'm David Frederick for the NCUA Board. I'd like to reserve five minutes for rebuttal. The district court erred in dismissing the two remaining certificates at issue in this appeal. NCUA's extender statute is a comprehensive limitations period that displaces all other time bars, including repose periods. Nomura asks you to create a circuit split with every appellate court that has addressed identical language, and we ask you not to do that. The Second Circuit, the Tenth Circuit, the Fifth Circuit, and the Nevada Supreme Court have all addressed the identical wording for statutes that they have all concluded that repose periods are displaced by the comprehensive limitations framework set forth in the extender statute. I'd like to just focus on a couple of points. Let me just ask a brief question. Does it matter that Congress nowhere expressly said that the extender statute displaces statutes of repose in those words, basically? We don't think it matters because even the Supreme Court in the Waldberger case noted that the words statute of limitations have a broad meaning and in many circumstances encompass repose periods as well as classical limitations periods. And so what the court in Waldberger did was it took a very specialized circumstance in which a study group report that had been commissioned by Congress that noted in state laws there was this distinction and urged that Congress displace both and Congress chose not to do that in CERCLA. That was the basis on which the Tenth Circuit and the Fifth Circuit ruled that in the extender statute Congress had not made that intention because what Congress was seeking to do was to address emergency financial crises and to empower the federal agencies that had taken over these failed financial institutions and give them the tools to go after the wrongdoers who had been responsible for those financial institutions to fail. And so when it says in the statute that it is creating, quote, the applicable statute of limitations for, quote, any action, it was speaking as broadly and comprehensively as it possibly could have. And those words ought to be given their broad meaning because on the other side there's no really good reason why Judge King in the Fifth Circuit called the Russian roulette of having a federal agency take over one of these failed institutions and then have to scramble around in a matter of days or weeks to figure out whether it had a claim. The whole idea behind the extender statute was to create a reset so that the agency could take the time responsibly to investigate and determine whether or not there had been any entities who should be sued because of the failure of those financial institutions that were federally insured. And that was the way to a guarantee that the Treasury, which was making the monies available, this was essentially for the credit unions like the TARP fund that has been much talked about where the agency, the NCUA, had to borrow money from Treasury in order to keep the credit union system afloat. And these recovery actions are designed to go after the Wall Street banks who were responsible for the financial crisis and caused the largest credit unions to fail. And it meets exactly the purpose and the language of the extender statute itself. And as I said, the Tenth Circuit and the Fifth Circuit have taken this issue, very comprehensive opinions. The Tenth Circuit, both before and after Waldberger, and the Solicitor General who had written a brief to the Supreme Court in Waldberger, specifically said that this statute, the NCUA's extender statute, should be treated differently than CERCLA and filed an amicus brief in the Tenth Circuit after the Supreme Court had granted, vacated, and remanded so that the Tenth Circuit would have the benefit of the Solicitor General's views as to the interplay between CERCLA at issue in Waldberger and the extender statute that is at issue in the Nomura case. And so the Tenth Circuit then reissued an opinion with a very comprehensive explanation as to why Waldberger did not lead to a different result. And then the cert was denied. And then the cert was denied with the Solicitor General opposing the cert. Thank you. So we think that both by the plain language of the statute as comprehensively explicated by other courts of every appellate court, and the purposes behind the statute, that the other side does not have a reasonable argument as to why this is a particular form of interpretation. Now, the other side spends a good amount of time talking about implied repeal in their brief, and let me just briefly address that. There's not an issue about implied repeal. What doctrine really covers is the more specific governing the general. Here, the more specific application is for the NCUA in its capacity as liquidating agent, and that trumps the more general application of Section 13 of the Securities Act, which governs all private actions. The whole idea here was to create a specific limitations period that would apply to the agency. And so the doctrine of implied repeal of the agency is not implied repealed at all. It still has application. And, indeed, if the private agency here, Western Corporate Credit Union, had a securities action that would have expired under Section 13's three-year period before the NCUA took it over as conservator, the claim would be extinguished. All that the extender statute does is to create an exception to that general rule, and that falls within this Court's Cardenas decision, which says that if there is a more specific statute, that governs over the more general one. There is not an implied repeal here at all. Those were the key points I wanted to make in the opening argument. Judge Reinhart, if there are any other questions of us about the extender statute that I can address at this time, I'm happy to do so. But, otherwise, I'm also happy to sit down and wait for rebuttal. Thank you, Your Honor. May it please the Court. Matthew Hellman, on behalf of Appellee Nomura. The District Court got it right in this case, because the extender statute, by its plain terms, does not apply to statutes of repose, and the best reading of the structure and purpose of that Act, particularly in light of the values that Section 13 of the Securities Act protects, shows that it was not intended and should not be read to affect statutes of repose. Counsel, why shouldn't we follow the Tenth Circuit? Well, this Court has an independent obligation, of course, to look at the problem afresh, and I submit, with respect to the panel in the Tenth Circuit, their decision does not stand up to scrutiny. We have the CTS decision. I think, in some level, there's a forest and trees problem going on, with the arguments from my friend on the other side, that were accepted by the Tenth Circuit. The main lesson of the CTS case is that when Congress chooses to extend the time, the statute of limitations, to allow a plaintiff to discover claims, that does not displace a statute of repose, unless Congress gives indication otherwise. It is certainly true that it's not a mechanical inquiry. You can't just look at the word statutes of limitations in a statute and know exactly what Congress meant. However, I will point out that the Supreme Court, as well as the Solicitor General, in that case, both said as a matter of fact, by the time this statute was enacted, the FIREA statute at issue here, Congress did generally know the difference between repose and limitations. So we're talking about a modern statute, under the modern rules. But the interesting thing was, when it was remanded, the Tenth Circuit distinguished the CTA case, and then CERT was denied. Well, CERT was denied, Your Honor, and I suspect that this is a case of national commercial importance, and it could very well be that the Second Circuit, when it revisits this question, as it has after CTS, or if this Court affirms in this case, the Supreme Court will revisit that question, and appropriately so, given its positioning of the Tenth Circuit. Because, again, what the Tenth Circuit is pointing, we could talk about the specifics, but I think the key lesson is they nowhere, and my friends on the other side, nowhere grapple with what I consider to be the main point of CTS, which is that the decision to extend the time to discover does not affect the statute of repose. If I could have the Court's indulgence, if you turn to page 6 of Nomura's red brief, its primary response brief in this case, the text of the Section 13 Securities Act, is there. And what that says, as you can see, it's in two parts. It says, no action shall be maintained to enforce a Section 11 or Section 12 claim within one year of discovery, or the time that it should have been discovered. And then it goes on to say, in no event shall any action be brought to enforce a liability more than three years after the offer. That's the repose part. If Congress had amended Section 13 to say, to change this one year at the discovery to bring a claim, but in no eventual, in any event, there never should be an action more than three years later, I think even my friends on the other side would concede that the statute of repose would remain in place. That is all that Congress did. If Congress did anything with the extended statute that's relevant here today, that is all it did. It expanded the time to discover. It uses the word accrual. It's all about, as my friends have pointed out, the discovery of claims. There's a separate interest at stake with repose that's tied, and this is a point the government has made as well, and a point is made as well when it has been a defendant in securities actions or taking the defense side, which is that Section 13 is a balance. It's one part of a coherent scheme. On the one hand, although there was some talk about financial fraud from my friends on the other side, Section 11 is not a fraud statute. This is not a fraud case. You don't need to prove fraud for Section 11. You don't need to prove reliance for Section 11. It's a simple, strict liability statute. You have strict liability on one hand, but Congress recognized that the threat of lingering liability in strict liability meant that they wanted a short period of repose. Section 13 used to have a 10-year statute of repose. Congress cut that back after just one year, in 1934, to a three-year statute of repose precisely because the threat of lingering strict liability was causing trouble for business, and they said this should be a three-year statute of repose, an extremely short repose period for an extremely low bar for liability statute. Those two things go together, and what my friends on the other side are asking this court to do is to jettison the protections of repose, but to keep the strict liability that they want to proceed on in the lower courts, and the question for this court is, is that what And I suggest to you that it is not, and there's several reasons why that's the case, and we can look at the structure of the statute, and I think that they all point in the same direction. First, as your Honor pointed out during Mr. Frederick's time up here, Congress used the word limitations. They didn't use repose. They used the word limitations. For that matter, the limitations are framed in terms of discovery. Again, it's of a discovery statute, just like the one in CTS, which the court said does not displace repose unless there's some reason to think to the contrary. I should also point out that this is a very strange statute for affecting federal claims, statutory claims. What the extender statute says is you should use the state limitations period unless some other period is longer. They didn't say state and federal. There are 23 other places in FIREA where reference to federal law is made expressly, but they only said state here. Why? Because at the time that this bill was being enacted, there was a dispute about whether state law claims should be subject to basically the rule that they adopted here or some other rule. This is only about, by its plain terms, state law. I think, again, my friends on the other side want you to read the statute as saying use the state law limitations period if there is one. That doesn't say if there is one, nor does it say use the If you're going to give that term meaning, then this should be read to be limited to state statutes, let alone not affecting Section 13 statute or repose. I do want to point out a couple more, make a couple more points in regard to what I understood to be my friend on the other side's argument that this needs to be allowed lest the interest of the federal government not be served. Several points I want to make in response to that argument. First of all, of course, this isn't the federal government here. This is a suit taken up, a private suit that's been taken up by a government agency. But if the United States were the plaintiff in this case, if the United States were the plaintiff, if it had bought securities and were bringing an action under Section 11 or Section 12, it would be limited by the three-year repose period of Section 13. So there's no discernible federal interest that I can tell that says that the NCUA and a couple of other agencies are the only plaintiffs on the planet that don't have to abide by repose. Secondly... Well, what was the purpose of the statute? Well, there are so many other causes of action out there. This is unique in that this is the one cause of action out there. Of all the claims that, contract claims, tort claims, federal claims, state claims, this is the one where Congress put a three-year statute of repose. So in many cases the discovery will expand the time that the NCUA has to bring claims. But here there's a separate value, a specific value, a specific value tied to the particular form of liability. And I think it's good background for the court to recognize that this case is proceeding in the district court against other defendants on the very same certificates that are at issue here. There are other claims to be brought in this case, which theoretically, if proven, could allow the plaintiffs to recover 100 percent, 100 percent of what they're seeking on claims that don't have the three-year repose period that Congress made specially for Section 11 and Section 12 claims. So this isn't turning the extender statute into a nullity. Far from it. It's saying that it should respect, and Congress didn't mean to undo, 80 years of policy of allowing repose for these claims. Would you respond to the argument that the extender statute doesn't repeal anything, implicitly or otherwise? It simply sets forth the limitations period for the actions by the NCUA. Well, you know, this framing of, you know, specific and general, if I'm understanding your question correctly, I think it's a little bit off base. The specific provision here is the specific statute of repose in the Securities Act for this particular type of claim. The extender statute is the general statute, and the question is, when it used the word statute of limitations, did they impliedly mean to get that one statute of repose that's been on the books since 1933 tied to the substantive provisions of the Securities Law? That's the question, and I submit to you the question, the answer to that question is there's no reason to think that's what Congress is intending. Not only did they use the word limitations, not only is it supposed to take place regardless of whether there's discovery, and for that matter they're talking about state tort and contract claims. None of those pieces add up to anything that points in the direction of this 1933 Act statute of repose, and what the Tenth Circuit did in this case, in my opinion, was said, well this statute doesn't have some of the same features that the CTS statute did. That is true. They're not exactly the same, but they do do the same thing. If this statute used the word statute of limitations, and then said the period of repose for any action brought by the NCUA is X years, I would not be here telling you that statute of limitations doesn't affect statute of repose. That's not what Congress did in this statute. What Congress did do in this statute was say statute of limitations, that's a point in our favor, not the other side, and then construct a statute that by its plain terms is solely, only concerned with setting a time period to allow the plaintiff additional time to discover claims. That's the first part of section 13, but it's not the back half. The back half serves additional values that are not, that would be overrun, or eliminated I should say, impliedly repealed, really to use the proper phrase, if the plaintiff's view in this case were upheld. And again, I don't think it's correct to look at a case like Cardenas and say, well, are we just taking a little nick out of a more general statute? This is the other way around. You've got a statute that applies to any claim, any tort or contract claim, and the question is, did they, and it sets the limitations period for that claim. The question is, did they mean to repeal what's in section 13? And that's another point, if you're looking at the quality of the reasoning put forward in the Tenth Circuit's opinion, there's a lot of action. Any action, it does say those words, but what it also says is that it sets the statute of limitations for that action. And the CTS court as well made a point, and my friends on the other side have said it as well, that somehow or another, this doesn't look back and actually extend the statute of limitations, but that's exactly what it does. It looks to a state statute of limitations and says, use it, unless another period is longer. That is exactly the type of take one statute and extend it out, and by the way, it's a state statute of limitations, not state or federal, not state if applicable, state. That's the starting point of any extender statute analysis. Start with the state statute of limitations and extend it outward. That type of reasoning, that type of structure, doesn't make any sense when you're considering the delicate policy balance that Congress made and then adjusted in giving a first a 10-year statute of repose for the strict liability claim and bringing it on down to three years, three years back in 1934. And I think probably everybody in this room has at some point, we spent a fair amount of time looking at these two statutes next to each other. There's just no indication whatsoever that the extender statute was intended to reach that particular policy concern, which the Supreme Court said in CTS is distinct from, and by definition is different from, the discovery issues that the extender statute deals with. I do want to close with a couple more points. This is a statute, again, that begins with the phrase, notwithstanding any contract, notwithstanding any provision of any contract. If Congress had wanted to say notwithstanding the provision of any federal law, it would have said so, just like it did elsewhere in FIREA. There's no, one can search in vain for the clue that this was intended to apply to a federal statute, and it's just not there. My friend on the other side has pointed out the Solicitor General opposed cert in Nomura's prior cert petition from the Tenth Circuit in this case. The Solicitor General is, and they're certainly entitled to do so, is just advocating for its litigating position. In CTS, where it's an environmental defendant, it wants to close the door on limitations as quickly as possible. In this type of case, where it's arguing that, in favor as a plaintiff, that it wants limitations to run as long as possible. There's no special magic to the U.S.'s position in this case. It just reflects their litigating interest. This court, I suggest, is obviously governed by the text and structure and purpose of the statute, and those point uniformly, uniformly away from extending, eliminating repose for federal claims. I see my time is about to expire. If there's any further questions, I'd be happy to answer them. Thank you, counsel. Thank you, Your Honor. I want to start with why you should not create a cert conflict, because that's the key point that my friend never addressed. With all the of these arguments, it would seem the burden is a very high one to ask you to disagree, notwithstanding the independent duty that you have to analyze these statutes. Very responsible courts, from judges reflecting a wide range of viewpoints, have been unanimous in construing the extender statute in identical language, in the way that we have advocated. And I would submit that they have not met their very high burden of urging you to create a circuit split that would then require the Supreme Court to intervene. Nor have they given you a reason why Congress would have drafted the statute that they are imagining. There are other periods, like the Clayton Act, that have been described as repose periods, and their argument essentially is that the extender statute ought not to apply to any federal statutory claims at all that have those kinds of characteristics that have been called by different courts to be repose periods. But why would it do that? What it was attempting to do was to give broad powers to a federal agency to protect the treasury, the federal FISC, at a time of crisis when financial institutions had failed and the statutory duty of the agency was to take over these failed institutions and to figure out whether or not there was a viable claim that could be brought. The whole point of the extender statute is to create that breathing room, and they don't give you any reason why Congress would have thought that some claims ought to be given hierarchical priority over other claims for purposes of determining whether or not the federal agency in this circumstance should be time barred. He notes that by 1989 there had been some reference, basically through the study group working report in the CERCLA case, that there was awareness of statute of repose. But if you look at the Black's Law Dictionary from 1979, repose means limitations and encompasses repose. There was no fixed meaning that repose was distinct from limitations at this time, and indeed there was never a statute that Congress had enacted that used the word repose. If you do a Westlaw search or you have your law clerks do a Westlaw search, you will find nothing. They cite in their brief a footnote in which Congress looked at several statutes and there were public acts that had been introduced, but no enacted statute. So the presumption ought to be that statute of limitations has its broad meaning to encompass any other time limitations, and that's what the Fifth Circuit and the Tenth Circuit has held. They concede that the extender statute displaces other limitations periods, but they never come to grips with what the words any action means, and that is as broad as you can imagine a linguistic formulation. Finally, he says that the agency here is not acting in a federal government capacity. I think Congress would beg to differ. That's why there is a statute on the books that confers these authorities by Congress for the NCOA to perform these very important functions of protecting the federal fisc at a time of financial crisis. If there are no further questions, we'll close at this point of case. Yes, sir. He will be
judges: D.W. Nelson, Reinhardt, Nguyen